Aaron E. Klein, J.
Petitioner, Living Resources Corporation (not-for-profit corporation purchaser of 1026 New Loudon Road, Colonie, New York) brings this CPLR article 78 proceeding against respondents, Colonie town officials charged with administering the zoning and building ordinances, seeking a judgment: (1) annulling and vacating a Colonie town zoning board of appeals decision dated June 7, 1977, filed in the Colonie town clerk’s office on June 22, 1977, denying petitioner’s appeal from a decision by the Colonie town superintendent of buildings dated March 30, 1977 which denied petitioner a building permit on the grounds that the intended use of 1026 New Loudon Road, Colonie, New York (as a "community residence” for mentally retarded adults) is not allowed by the Colonie town zoning ordinance; the intended use of 1026 New Loudon Road, Colonie, as a subdivision 24 of section 1.05 of the Mental Hygiene Law "community residence” to house approximately eight mentally retarded persons was held by the Colonie town superintendent of buildings not to be an appropriate use under section 5-A-2 of the Colonie town zoning ordinance; (2) directing, respondent Ralph C. Hildenbrandt (Colonie town building superintendent) to issue a building and use permit to petitioner; and (3) to enjoin respondents from interfering with the use of 1026 New Loudon Road, Colonie, New York as a community home for mentally retarded adults.
Colonie town zoning board of appeals makes two CPLR 7804 (subd [f]) objections in point of law to the petition, to wit: (1) petitioner has failed to exhaust its administrative remedies because it failed to notarize its "Appeal from Decision of an Administrative Official” form; and (2) the petition fails to state a cause of action because it does not request a variance from the Colonie town zoning board of appeals, and the town zoning board of appeals only has jurisdiction to consider variances from the zoning law. The court finds these CPLR 7804 (subd *921 [f]) objections in point of law to be without merit, because: (1) the appeal made by petitioner from decision of the Colonie town superintendent of buildings dated March 16, 1977 was, in fact, notarized; and (2) subdivision 2 of section 267 of the Town Law provides for a board of appeals to review decisions of an administrative official charged with enforcement of an ordinance adopted pursuant to this article, and the Colonie town zoning board of appeals had jurisdiction to review the superintendent’s denial of the building permit, and exercised such review jurisdiction.
On the substantive issue, the court finds consistent with prevailing New York law (see City of White Plains v Ferraioli, 34 NY2d 300, 306; Matter of Moore v Nowakowski, 46 AD2d 996; Shannon v Flynn, Rensselaer County, March 18, 1977 [Conway, J.]) that the subdivision 24 of section 1.05 of the Mental Hygiene Law "community residence” in issue complies with the Colonie town zoning ordinance.
Accordingly, the relief sought in the petition is granted.